UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BILLY W. TAYLOR | CIVIL ACTION NO. 3:04-cv-521-M(LEAD) |
| | 3:05-cv-865 (MEMBER) |
| -vs- | |
| | JUDGE DRELL |
| WASHINGTON MUTUAL, INC. & | |
| WASHINGTON MUTUAL BANK, F.A. | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court are specially appearing Defendants, Washington Mutual, Inc. (hereinafter WMI) and Washington Mutual Bank (hereinafter WMB) and their "Motion to Dismiss and for Consolidation" pursuant to Federal Rules of Civil Procedure 12(b)(2). (Doc. 1 in member case). We previously granted Defendants' Motion to Consolidate. Therefore, the only issue before the Court is Defendants' request for dismissal. Defendants claim the Court cannot properly and constitutionally exercise personal jurisdiction over them. (Doc. 1 in member case). After reviewing the motions and the applicable law, we conclude that personal jurisdiction over Defendants exists. Accordingly, Defendants' Motion to Dismiss will be DENIED.

Factual Background

Plaintiff, a resident of Louisiana, was employed in Monroe, Louisiana as a National Correspondent Business Director for North American Mortgage Company

(hereinafter North American) from December 1996 until May 15, 2002. (Doc. 5). North American was a subsidiary of Dime Bancorp, Inc. In January 2002, Dime Bancorp merged with and into WMI and WMI assumed all of Dime Bancorp's obligations. WMI is a corporate citizen of Washington state with its principal place of business in Seattle, Washington. WMB exists under federal laws, with its home office in California.

Plaintiff and North American entered into a "Compensation Agreement" (hereinafter the "Agreement"). The Agreement contained a section devoted to the applicable procedure for changing Mr. Taylor's compensation while retaining his employ with the company. This section provided that, if Taylor's compensation was to be unilaterally modified, he would be notified in writing sixty (60) days before the change took effect. The Agreement specified that no modification would affect any compensation Mr. Taylor had already earned but not received. (Doc. 5, Exh. A). The Agreement also outlined the severance benefits that would be paid to Mr. Taylor if he lost his job, or suffered a salary reduction after control of the company changed to WMI. (Doc. 5, Exh. B).

Mr. Taylor contends he was not given sixty days notice prior to his compensation's being reduced and his employment subsequently terminated. He alleges that Defendants owe him approximately $800,000 in unpaid severance benefits. After Plaintiff unsuccessfully demanded that Defendants pay the severance benefits, he instituted this suit, claiming breach of contract under state

law and violation of Louisiana's wage payment statutes, La. R. S. § 23:631, et seq. This Court subsequently granted Defendants' motion to dismiss Plaintiffs' state law claims and converted the case to one arising under the Employee Retirement Income Security Act of 1974 (hereinafter ERISA). (Doc. 40).

Defendants now move to dismiss Mr. Taylor's ERISA claim under Federal Rule of Civil Procedure 12(b)(2), claiming this Court lacks personal jurisdiction over them. Plaintiff counters that Defendants' role in calculating his severance pay establishes "minimum contacts" with the state of Louisiana such that subjecting them to suit in Louisiana is consistent with due process.

<u>Law and Analysis</u>

A court can exercise personal jurisdiction over a defendant if the defendant has minimum contacts with the forum and the maintenance of the suit in the forum will not offend traditional notions of fair play and substantial justice. <u>Asahi Metal Indus. v. Superior Court of California</u>, 480 U.S. 102; 107 S.Ct. 1026 (1987). Normally, questions of personal jurisdiction involve a state's attempt to obtain extraterritorial jurisdiction over a defendant. In those cases, the inquiry is whether the defendant has minimum contacts with the state. <u>International Shoe Co. v. Washington</u>, 326 U.S. 310; 66 S.Ct. 154 (1945). Defendants argue they lack any contacts with the state of Louisiana, and, therefore, a court in Louisiana cannot properly exercise personal jurisdiction over them. Plaintiff submits that Defendants availed themselves of the advantages of doing business in Louisiana

3

and the protections afforded by Louisiana laws by participating in the calculation of his severance payment in Louisiana.

The parties' arguments as to whether Defendants have minimum contacts with Louisiana are misdirected. Simply, the due process minimum contacts prerequisite to the exercise of personal jurisdiction is satisfied when a defendant residing within the United States is sued in the United States under a federal statute with a nationwide service-of-process provision. Busch v. Buchman, Buchman & O'Brien, 11 F.3d 1255 (5th Cir. 1994). In Busch, a Texas plaintiff sued three New York attorneys in the Southern District of Texas, alleging the attorneys violated the Securities Exchange Act by misrepresenting information regarding a tax shelter the attorneys were selling. Id. at 1256. The Act provided for nationwide service of process. Id. at 1256. The New York defendants argued that the district court in Texas did not have personal jurisdiction over them, since they drafted the relevant documents in New York. Id. The district court held it could not properly and constitutionally exercise personal jurisdiction. The Fifth Circuit reversed, writing that the defendants' argument displayed a "parochial view of the facts" that belied "the realities of the business transaction." Id. The Court wrote: "when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts *with the United States.*" Id. at 1258 (emphasis added). Since

4

the attorneys resided in New York and the statute called for nationwide service of process, the minimum contacts requirement was satisfied. Id.

First, WMI is admittedly a Washington corporation, making it a United States resident. (Doc. 1 of member case). Similarly, WMB exists under federal law and is a United States resident. Therefore, both Defendants have minimum contacts with the United States. Second, Mr. Taylor's cause of action arises under ERISA, a federal statute, which contains a provision allowing nationwide service of process on any defendant: "where an action under [ERISA] is brought in a district court of the United States . . . process may be served in any other district where the defendant resides or may be found." 29 U.S.C. § 1132(e)(2). See also Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822 (5th Cir. 1996). As Defendants have sufficient minimum contacts with the United States and are being sued pursuant to a federal statute providing for nationwide service of process, the Busch analysis applies here.

It is notable that Mr. Taylor's original complaint was grounded in state law, and remained a state law action until this Court dismissed all such claims and ordered that the case should properly proceed under ERISA. (Doc. 40). Thus, this action may not technically have been "brought in federal court" per 29 U.S.C. § 1132(e)(2), and the Defendants not initially served with the suit pursuant to ERISA's nationwide service-of-process statute. This situation raises the question of whether the reasoning of Busch applies to cases in which the applicability of

ERISA or any other federal statute comes into play only *after* the defendants have been served with suit. The Court believes this is a distinction without a difference, for the underlying rationale of *Busch* was that "sovereignty defines the scope of the due process test" and the sovereign (the United States) intended that ERISA defendants be available in court wherever they could be found within the nation. See *Busch*, 11 F.3d at 1258. Further, to the Court's thinking, this matter has always been an ERISA case, albeit one that temporarily masqueraded as a state law breach of contract and wage claim action. Thus, any potential problems with personal jurisdiction over Defendants at the outset were cured once *Defendants* moved for redesignation of Plaintiff's complaint as an ERISA cause of action. (Doc. 10) and personal jurisdiction applies now as it would have if the matter had originally been filed pursuant to ERISA.

There is no precedent in the Fifth Circuit Court of Appeals on this inquiry. Other federal courts, however, have agreed with this analysis. For example, see Denny's, Inc. v. Cake, 364 F.3d 521, 528 (4th Cir. 2004)(holding that the district court could exercise personal jurisdiction over Defendants after state law employment claims were considered under ERISA); Schrader v. Trucking Employees of New Jersey Welfare Fund, 232 F.Supp. 2d 560, 571 (M.D.N.C. 2002); Nahigian v. Leonard, 233 F.Supp. 2d 151, 158-59 (D. Mass. 2002); Briesch v. Automobile Club of Southern California, 40 F.Supp. 2d 1318, 1319-21 (D. Utah 1999)(concluding that, where state law claim had been converted to an ERISA

claim by the district court, the appropriateness of personal jurisdiction turned on Defendant's nationwide, not statewide, contacts).

	Because minimum contacts are established, the burden shifts to the defendant to show that the court's assertion of jurisdiction is unfair and unreasonable. Central Freight Lines, Inc. v. APA Transport Corp., 322 F.3d 376 (5th Cir. 2003). To determine whether the defendant has made such a showing, the court considers several factors, including: (1) the burden borne by the non-resident defendant in litigating in the forum; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most effective resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. Id.

	Defendants have not made any arguments on this point, and the Court cannot find any reason why it would be unreasonable for Defendants to litigate in Louisiana. Because the Busch analysis is being employed, the relevant inquiry is whether it would be reasonable for Defendants to be subject to suit in the United States–a question that, in the absence of exigencies which are not present here, borders on rhetorical. The Court thus finds it has personal jurisdiction over Defendants.

Conclusion

The exercise of *in personam* jurisdiction over Defendants WMI and WMB is consistent with the Due Process Clause of the Fifth Amendment, which requires contact only with the United States as a whole in this case. Defendants' Rule 12(b)(2) Motion to Dismiss is, therefore, DENIED.

SIGNED on this 18th day of October, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge